IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA HOKE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No. |
| ) | |
| TRANS UNION, LLC, ) | COMPLAINT |
| in its own name and t/a ) | |
| TRANS UNION RENTAL ) | |
| SCREENING SOLUTIONS, INC. ) | JURY TRIAL DEMANDED |
| and ) | |
| TRANS UNION RENTAL ) | |
| SCREENING SOLUTIONS, INC., in its ) | NON-ARBITRATION |
| own name, ) | |
| ) | |
| Defendants. ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

2. Defendants operate as a single consumer reporting agency ("CRA") under the FCRA. Trans Union, LLC has structured itself so as to warehouse its sale of credit reporting consumer reports in one entity, and its sale of criminal history (employment and landlord-tenant purposed) consumer reports in a second entity, its wholly owned subsidiary Trans Union Rental Screening Solutions ("TURSS"). Trans Union has substantial involvement in TURSS operations with respect to the production of the reports that TURSS sells and the disclosure of information to consumers by TURSS.

## THE PARTIES

3. Plaintiff, Sara Hoke, is an adult individual who resides in the State of Illinois.

4. Defendants are Trans Union, LLC, in its own name and trading as Trans Union Rental Screening Solutions, Inc., and Trans Union Rental Screening Solutions, Inc. in its own name (together, "Defendants" or "Trans Union"). Trans Union is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. In or around September 2022, Plaintiff was attempting to secure employment with Taylor Studios.

8. As part of Plaintiff's employment application, Taylor Studios obtained a consumer report from Defendant.

9. Defendants' report contained derogatory and inaccurate information about Plaintiff.

10. Defendants have been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to, the false reporting of an expunged record, that is illegal to report and not publicly available.

12. In creating and furnishing Plaintiff's consumer report, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Due to Defendants' faulty procedures, Defendants relied on extremely out-of-date and inaccurate information. Had Defendants followed reasonable procedures it would not have reported the inaccurate record, as any rudimentary check of the public records would have

revealed that the subject case was expunged. Defendants obviously failed to employ such a procedure.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer report(s) that it has disseminated and sold to various persons, both known and unknown.

14. Defendants have sold report(s) containing the inaccurate information to third parties since at least September 2022.

15. As a result of the inaccurate report(s) Defendants sold to Taylor Studios, Plaintiff's start date was delayed, and she was subject to multiple additional interviews which were extremely humiliating. The sole basis for that delay and the additional humiliating interviews was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendants.

16. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost wages, harm to reputation, and emotional distress, including humiliation and embarrassment.

17. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

18. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - VIOLATIONS OF THE FCRA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendants were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

24. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation.

### JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e)  Such other and further relief as may be necessary, just and proper.

          Respectfully Submitted,
**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:  */s/ Mark D. Mailman*
     Mark D. Mailman, Esq
     Joseph L. Gentilcore, Esq.
     1600 Market Street, Suite 2510
     Philadelphia, PA 19103
     (215) 735-8600
     mmailman@consumerlawfirm.com
     jgentilcore@consumerlawfirm.com

Dated:  March 30, 2023     *Attorneys for Plaintiff*